UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MINDY HOOVER and ) | |
| BRANDY HENRY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15-CV-033-JD |
| ) | |
| McDONALD'S RESTAURANTS OF ) | |
| TENNESSEE, INC.; McDONALD'S ) | |
| CORPORATION; AND UNKNOWN ) | |
| EMPLOYEES OF McDONALD'S ) | |
| RESTAURANTS OF TENNESSEE, INC. ) | |
| And McDONALD'S CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

On April 20, 2015, residents of Jasper, Indiana, Mindy Hoover and Brandy Henry ("Plaintiffs"), filed a lawsuit in the Northern District of Indiana for a claim arising out of an alleged assault and battery occurring at McDonald's Restaurants of Tennessee, Inc., ("Tennessee McDonald's"). [DE 1]. Tennessee McDonald's is located in Nashville, Tennessee. [DE 15]. Plaintiffs named Tennessee McDonald's, McDonald's Corporation ("Corporation"), and unknown employees of the Tennessee McDonald's and Corporation as defendants in the suit, collectively ("Defendants"). [DE 1]. Corporation and Tennessee McDonald's both filed corporate and business disclosure statements in accordance with Federal Rule of Civil Procedure 7.1. [DE 12, 13]. On September 11, 2015, Corporation and Tennessee McDonald's filed motions to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the case to the Middle District of Tennessee. [DE 17, 18]. Plaintiffs filed a response on November 1, 2015. [DE 22]. Tennessee McDonald's and Corporation filed replies on November 19, 2015. [DE 26, 27]. For

the reasons stated below, the Court now transfers this case to the Middle District of Tennessee.

The requirements for federal venue are set forth in 28 U.S.C. § 1391(b). That statute provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

A defendant corporation resides in any judicial district in which the corporation is subject to personal jurisdiction. 28 USC § 1391(c)(2). There exists two types of personal jurisdiction – specific and general. Specific jurisdiction is for cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, n. 8 (1984) (citation omitted). General jurisdiction, conversely, does not require the cause of action arise out of the contacts with the forum state, but rather where the defendant's contacts with the forum "are so continuous and systematic as to render it essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011) (internal quotation marks omitted).

Where there is no venue, under 28 U.S.C. § 1406(a), a district court may transfer a case if it is "in the interest of justice" to do so. *Saylor v. Dyniewski,* 836 F.2d 341, 345 (7th Cir. 1988). Generally, a district court must dismiss such a suit if it denies the transfer. 28 U.S.C. § 1406(a); *Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 579 (7th Cir. 1989). In deciding whether transfer is appropriate under 28 U.S.C. § 1406(a), courts are to look at whether the transfer is in the interest of justice; that is, whether the transferee forum is convenient to the parties and witnesses as well as what impact transfer has on the efficient administration of the court system.

*Wild v. Subscription Plus, Inc.,* 292 F.3d 526, 530 (7th Cir. 2002)(noting that both section 1404(a) and 1406(a) have similar analyses). When evaluating the convenience of the parties and witnesses, a court can consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *Coleman v. Bucheit, Inc.,* No. 03 C 7495, 2004 WL 609369, at *2 (N.D. Ill. March 22, 2004). The balancing of these factors is committed to the sound discretion of the trial judge, *Cont'l Ins. Co., v. M/V Orsula,* 354 F.3d 603, 608 (7th Cir. 2003), and the decision whether to transfer a case on venue grounds is "largely a discretionary determination," to be decided on a case by case basis. *Von Holdt v. Husky Injecting Molding Sys. Ltd.,* 887 F.Supp. 185, 188 (N.D. Ill. 1995) (citations omitted).

In the instant case venue is not proper in the Northern District of Indiana. Plaintiffs assert this Court has personal jurisdiction over Tennessee McDonald's and/or Corporation. [DE 22 p. 3]. Plaintiffs' argument overlooks the requirement that all defendants must reside, that is be subject to personal jurisdiction, in the State in which the district is located for purposes of venue. 28 U.S.C. § 1391(b)(1), (c)(2). Tennessee McDonald's has no connection with the State of Indiana as it is a Tennessee Corporation that does business in Tennessee.[1] [DE 13, 15]. Accordingly, it does not meet the "continuous and systematic" presence to render it "at home in

---

[1] Plaintiffs attempt to argue that Corporation and Tennessee McDonald's are subject to personal jurisdiction in Indiana because McDonald's Restaurants of Indiana, Inc. and Tennessee McDonalds share the same principal office address, and therefore are owned, operated, controlled and maintained by Corporation. This argument is unavailing. As a preliminary matter McDonald's Restaurants of Indiana, Inc. is not a party to this action, and the corporate filings of McDonald's Restaurants of Indiana, Inc. are wholly irrelevant. Secondly, this Court would note the addresses are not identical. McDonald's Restaurants of Indiana, Inc. has a principal address of One McDonalds Plaza Oak Brook, IL, [DE 22-3] and Tennessee McDonald's has a principal office address of 1 McDonalds Dr. Oak Brook, IL. [DE 22-2]. Finally, a similar principal office address does not prove, as Plaintiffs suggest, that all employees of McDonald's Restaurants of Indiana, Inc. and Tennessee McDonald's are employees of Corporation. It simply shows both entities share a similar principal address. Accordingly, this Court cannot find venue where Tennessee Restaurant cannot be subject to personal jurisdiction in Indiana.

the forum State" for general jurisdiction. *Goodyear*, 131 S.Ct at 2851. Likewise, there is no personal jurisdiction where Tennessee McDonald's has no contact with Indiana. *Helicopteros*, 466 U.S. at 414. Accordingly, Plaintiffs cannot show venue is proper under 28 U.S.C. §1391(b)(1). Additionally, the events that gave rise to this claim did not occur in Indiana, but rather Tennessee. Finally, this case may be brought in the Middle District of Tennessee as Tennessee McDonald's is subject to personal jurisdiction in that district. Venue is not proper in the Northern District of Indiana.

Even if venue were proper, this Court would deem transfer appropriate under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and in the interest of justice. This alleged assault and battery took place in Tennessee. The employees who purportedly committed the assault and battery reside in Tennessee. Any witnesses to the incident or sources of proof would most likely be located in Tennessee. Tennessee has a vested interest in any punishment of its citizens for crimes committed. Indiana, while interested in having its citizens made whole, has no reason to believe Plaintiffs would not be able to be made whole in Tennessee. Plaintiffs' argument that video surveillance would alleviate the burden of cost to Defendants to have witnesses travel to testify in Indiana is understandable but unpersuasive. Plaintiffs do not get to dictate how defendants will defend their case. Plaintiff's choice of forum, typically is accorded significant weight, *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003), is not done so here as none of the relevant conduct occurred in Plaintiffs choice of forum, *Chicago, Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir. 1955). Accordingly, even if Plaintiffs and their health care providers will need to travel to Tennessee to testify, it is likely less expensive and more efficient than having all witnesses and employees from the incident travel to Indiana to testify. Tennessee is the most efficient place for a resolution of this matter as

it is the location for everyone else except Plaintiffs and their health care providers.

Pursuant to **§** 1406 and in the interests of justice, this case is **TRANSFERRED** to the United States District Court for the Middle District of Tennessee.

SO ORDERED.

ENTERED: March 11, 2016

        /s/ JON E. DEGUILIO
Judge
United States District Court